# Third District Court of Appeal

## State of Florida

Opinion filed July 05, 2017.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D16-2631
Lower Tribunal No. 16-21511
_____

**DDRA, LLC,**
Appellant,

vs.

**JARM, LLC, et al.,**
Appellees.

An Appeal from non-final orders from the Circuit Court for Miami-Dade County, Thomas J. Rebull, Judge.

Levine & Partners, P.A., and Allan S. Reiss, for appellant.

Gary Silberman, P.A., and Gary Silberman, for appellees.

Before ROTHENBERG, C.J., and EMAS and LOGUE, JJ.

ROTHENBERG, C.J.

DDRA, LLC ("DDRA") appeals from non-final orders (1) granting JARM,

LLC ("JARM") and Dude IP, LLC's ("Dude IP") motion to stay the court

proceeding filed by DDRA, LLC ("DDRA") and to compel the arbitration proceeding they filed against South Beach Delivery Dudes, LLC ("South Beach Delivery") and DDRA; (2) denying DDRA's motion to stay arbitration and/or enjoin the arbitration proceeding filed by JARM and Dude IP; and (3) entering an agreed order correcting a scrivener's error in the order granting JARM and Dude IP's motion to stay the court proceeding and to compel the arbitration proceeding. Finding no error, we affirm.

JARM and Dude IP filed a demand for arbitration against South Beach Delivery and DDRA. The demand for arbitration arises out of a dispute between two members of South Beach Delivery, JARM and DDRA, relating to the alleged non-performance under South Beach Delivery's operating agreement, and a dispute between Dude IP and South Beach Delivery, relating to the alleged improper use of trademarks under the licensing agreement.

At the hearing on the parties' competing motions, JARM and Dude IP argued that the trial court was not authorized to determine the validity or the applicability of the arbitration provisions to the claims set forth in their demand for arbitration because the arbitration provisions in both the operating agreement and the licensing agreement contain the following language: "Any dispute regarding the validity of this arbitration provision, or the applicability of this provision to a particular claim, shall be decided by arbitration under this Section and not by a

2

court." After addressing JARM and Dude IP's argument, the trial court ruled that it was denying DDRA's motion to stay arbitration and/or enjoin arbitration, and it was granting JARM and Dude IP's motion to stay the court proceeding and to compel the arbitration **proceeding**. The trial court thereafter entered its written orders, and DDRA's non-final appeal of these orders followed.

The trial court's order granting JARM and Dude IP's motion to stay and to compel the arbitration "proceeding" does not specify whether the trial court had determined that, based on the operating and licensing agreements, it was required to submit the dispute as to the validity and applicability of the arbitration provisions for determination by an arbitrator, or whether the trial court was actually ordering the parties to arbitration. However, based upon our review of the hearing transcript and the inclusion of the word "proceeding" in the order that compelled the arbitration proceeding, we read the trial court's order as submitting the issue of the validity and applicability of the arbitration provisions at issue for resolution by the arbitrator. We also conclude that the trial court was correct in doing so.

The following language is contained within the arbitration provisions of both the licensing agreement and operating agreement: "Any dispute regarding the validity of this arbitration provision, or the applicability of this provision to a particular claim, shall be decided by arbitration under this Section and not by a

3

court." This language clearly and unmistakably requires the arbitrator, not a court, to determine both the validity of the arbitration provision and the applicability of the arbitration provision to the claims raised by JARM and Dude IP in their demand for arbitration. Thus, the trial court properly determined that it was prohibited from deciding these issues and that these issues are to be decided by the arbitrator. See Howsam v. Dean Witter Reynolds, Inc., 537 U.S. 79, 83 (2002) ("The question whether the parties have submitted a particular dispute to arbitration, *i.e.*, the '*question of arbitrability*' is 'an issue for judicial determination [u]nless the parties clearly and unmistakably provide otherwise.'") (quoting AT & T Techs., Inc. v. Commc'ns Workers, 475 U.S. 643 649 (1986)) (emphasis and alteration added in Howsam); First Options of Chicago, Inc. v. Kaplan, 514 U.S. 938, 943 (1995) ("Just as the arbitrability of the merits of a dispute depends upon whether the parties agreed to arbitrate that dispute, so the question 'who has the primary power to decide arbitrability' turns upon what the parties agreed about *that* matter.") (citations omitted); Mercedes Homes, Inc. v. Colon, 966 So. 2d 10, 14 (Fla. 5th DCA 2007) (holding that "a court must defer to an arbitrator's arbitrability decision when the parties submitted that matter to arbitration"). Accordingly, we affirm the orders under review.

Based on our resolution of the above issue, we do not need to address the remaining arguments.

4

Affirmed.